IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRYCE GLEN GRANBOIS,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID J. MOON,<br><br>Defendant. | CV 16-00005-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE<br>JUDGE |

Plaintiff Bryce Granbois filed a Complaint alleging Defendant David Moon, an officer with the Montana Highway Patrol, pulled him over on August 6, 2015, on the Fort Peck Indian Reservation, without the involvement of the Bureau of Indian Affairs. He alleges he was held in the Popular Jail from August 6, 2015, through September 15, 2015, without bond or bail.

After conducting the screening of the Complaint pursuant to 28 U.S.C. § 1915, 1915A, the Court determined that as currently plead, the Complaint failed to state a claim upon which relief may be granted and was subject to dismissal. As some deficiencies could possibly have been cured by the allegation of additional facts, Mr. Granbois was given an opportunity to file an amended complaint.

The Court now completes the screening of the Amended Complaint pursuant to 28 U.S.C. §§ 1915, 1915A.

1

## I. Factual Allegations

Defendant David Moon, an officer with the Montana Highway Patrol, pulled Mr. Granbois over on August 6, 2015, on the Fort Peck Indian Reservation, without the involvement of the Bureau of Indian Affairs. Mr. Granbois alleges he was held in the Popular Jail from August 6, 2015, through September 15, 2015, without bond or bail. (Complaint, Doc. 2; Amended Complaint Doc. 13.)

Mr. Granbois filed a petition for writ of habeas corpus in this Court on September 18, 2015, arguing that he was being held illegally by Fort Peck Tribal law enforcement. *In re Bryce Glenn Granbois*, Civil Action No. 15-cv-83-GF-BMM-JTJ, Doc. 1. There he alleged he had been incarcerated for 28 days on a drug related charge and was given no bond when he was arrested or at arraignment. *Id.* That petition was dismissed because Mr. Granbois was taken into federal custody. *Id. at Doc. 2.*

A federal indictment was filed against Mr. Granbois on September 3, 2015, charging him with being a felon in possession of a firearm. *United States v. Granbois*, Criminal Action No. 15-CR-52-GF-BMM, Doc. 1. This arrest arose out of incident which occurred on June 25, 2015. *Id.* A warrant for his arrest was executed on September 14, 2015. *Id.* at Doc. 5. He plead guilty on December 2, 2015, *Id.* at Doc. 20, and was sentenced on March 9, 2016. *Id.* at Doc. 26.

He is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. (Doc. 15.)

**II.	Analysis**

Mr. Granbois has failed to correct the deficiencies set forth in the Court's Order. In fact, he provided less factual information in his Amended Complaint then he did in his original Complaint. First, he did not clarify whether he was pulled over on a state, federal or tribal road. Therefore, he has failed to plead sufficient facts to plausibly suggest that he was improperly arrested.

Secondly, Mr. Granbois merely alleges that he was held in the Popular Jail from August 6, 2015, through September 15, 2015, without bail. Again, the mere fact that Mr. Granbois was held without bail is insufficient to state a federal claim for relief. Based upon statements made in Mr. Granbois's petition for writ of habeas corpus, it appears that he was given an arraignment but was denied bail. In this action, he provided no factual information to plausibly suggest that he was denied due process prior to or while incarcerated.

Finally, Mr. Granbois failed to explain how Officer Moon was allegedly responsible for holding Mr. Granbois in jail after he pulled him over on August 6, 2015. Again, it appears that Mr. Granbois was given an arraignment and thereafter was held in tribal custody. He has alleged no facts linking Officer Moon to an

impropriety regarding Mr. Granbois's detention.

## III. Conclusion

Mr. Granbois's Complaint fails to state a claim upon which relief may be granted and should be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Granbois's Complaint (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Granbois may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of December 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge